UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                    :

BRYANT PARK CAPITAL, INC.,                 :

                                                    :
                      Plaintiff,          :          05 Civ. 8702 (GEL)
                                                      :
        -v-                                       :          **OPINION AND ORDER**
                                                      :
                                                      :          <u>**AMENDED**</u>
JELCO VENTURES, JOHN JELLINEK &     :
ASPEN PARTNERS, LLC,                    :
                                                     :
                    Defendants.       :
                                                     :
------------------------------------------------------------x

Richard A. Roth and Jordan M. Kam, The Roth Law Firm, PLLC, New York, NY, for Plaintiff.

Neil Merkl and Megan Brillault, Kelley Drye & Warren LLP, New York, NY (David A. Rammelt and Caroline C. Plater, of counsel), for Defendants.

GERARD E. LYNCH, District Judge:

       Defendants Jelco Ventures ("Jelco"), John Jellinek ("Jellinek"), and Aspen Partners, LLC ("Aspen") (collectively "defendants") move to dismiss this case for improper venue under Fed. R. Civ. P. 12(b)(3). The motion will be denied.

       Defendants' sole argument is that venue is improper under the general federal venue statute, 28 U.S.C. § 1391. However, because this case was removed by defendants from state court on the basis of diversity of citizenship, the removal statute, 28 U.S.C. § 1441(a), and not section 1391, determines the proper venue in this case. See PT United Can Co. v. Crown Cork & Seal Co., 138 F.3d 65, 72 (2d Cir. 1998). Because this case was originally brought in New York County (Docket Sheet Entry #1), which is unquestionably a "place" "embrac[ed]" by this District, venue in this District is proper under section 1441(a). The Court notes, however, that

while a removal defendant may only raise a *federal* venue challenge under section 1441(a), and not section 1391, the Second Circuit in PT United recognized that a defendant who has removed a case may still challenge the propriety of venue *in the state court from which the case was removed*. Id. at 72-73.  However, defendants have raised no such *state* venue challenge here, and accordingly any such argument is deemed waived.

Defendants assert, in passing, that in submitting this venue motion, they "do not waive" any future objection that they may assert as to the sufficiency of the Complaint; specifically, in a footnote defendants indicate that at some future date they plan to object to this Court's exercise of personal jurisdiction over the defendants, see Rule 12(b)(2), as well as plaintiff's failure to state a claim upon which relief can be granted, see Rule 12(b)(6), failure to join an indispensable party, see Rule 19, and naming of improper parties. (Def.'s Mem. Supp. Mot. Dismiss at 1 & n.2.)  The Court will not, of course, address arguments along these lines at this time.  See, e.g., Diesel v. Town of Lewisboro, 232 F.3d 92, 110 (2d Cir. 2000) ("We do not consider an argument mentioned only in a footnote to be adequately raised or preserved for appellate review" (quoting United States v. Restrepo, 986 F.2d 1462, 1463 (2d Cir. 1993)).  However, defendants are mistaken in contending that they "do not waive" *any* of the listed objections; the failure to properly raise a Rule 12(b)(2) motion for lack of personal jurisdiction at this juncture is preclusive.  See Rule 12(g), (h)(1).

Finally, the Court is compelled to observe that it appears that one or more of the declarations attached to the parties' submissions contains false information.  Defendant Jellinek, President of defendant Jelco and an executive of defendant Aspen, declares that he never went to New York to discuss the agreement at issue in this case (which concerned Jelco's potential

acquisition of Zenith Administrators, Inc.) with Joel Magerman, Chairman of plaintiff Bryant Park Capital, Inc. ("BPC"), or any other person associated with BPC, and that "no one acting on behalf of Jelco traveled to New York in relation to this Agreement." (Jellinek Initial Decl. ¶ 5.)

Magerman, however, responds in his declaration that in or about June 2004, Jellinek "approached BPC (in New York) to inquire about obtaining BPC's services in relation to Jelco's . . . potential acquisition of a company called Zenith Administrators, Inc." (Magerman Decl. ¶ 3.) Magerman also declares that "Jelco's funding source for the Zenith Transaction was going to be the Clinton Group – a New York corporation maintaining its principal place of business in New York City. *It must be noted that both Mr. Jellinek and BPC negotiated with the Clinton Group while physically present in New York.*" (Id. ¶ 6 (emphasis in original).) Finally, Magerman declares that:

> In or about July 2004, *Mr. Jellinek traveled to New York City for the purpose of working with BPC on the Zenith Transaction – the very transaction contemplated under the Agreement*. In fact, Mr. Jellinek worked out of BPC's New York City office for at least two days in July of 2004, and even bought a new laptop computer in New York because his computer broke while he was in New York. Further, *while in New York City, Mr. Jellinek met with at least one representative of the Clinton Group. . . .* [W]hile both of us were in New York, Mr. Jellinek and I had numerous conversations regarding the Clinton Group and The Blackstone Group – directly related to the Zenith Transaction.

(Id. ¶ 8 (emphasis in original).)

Jellinek responds in a supplemental declaration that:

> In June of 2004, I traveled to New York for the purpose of a doctor's visit. While in New York for this appointment, I stopped by the office occupied by Bryant Park Capital ("BPC"). I was a shareholder in BPC at the time. Therefore, it was not unusual for me to visit this office for no other purpose than to say hello. When I visited the BPC office in June of 2004, it was not for the purpose

>of discussing anything in relation to the Zenith transaction or the September 2004 Agreement.

(Jellinek Supp. Decl. ¶ 1.) He also declares that:

>In July of 2004, I traveled to New York for the purpose of attending a wedding. While in New York for this wedding, I visited the BPC office after I began having computer problems. I purchased a computer in New York on this visit. While I was at the BPC office in July 2004, I met with Joel Magerman regarding BPC's taxes for that year and we spoke with BPC's accountants regarding the same and nothing else. While in the BPC's [sic] office, I was working on business unrelated to BPC, which required me to meet with GMAC, whose offices were located nearby. On information and belief, I was in the BPC office for one day. I did not travel to New York for the purpose of negotiating the terms of the September 2004 Agreement with anyone at BPC.

(Id. ¶ 2.)

Jellinek's and Magerman's declarations thus directly conflict on several points, and are difficult to reconcile on grounds of faulty memory. The Court reminds the parties that under 18 U.S.C. § 1621(2), any individual who, in a "declaration . . . under penalty of perjury as permitted by [28 U.S.C. § 1746], willfully subscribes as true any material matter which he does not believe to be true," commits a crime punishable by imprisonment for a maximum of five years. Since the motion can be resolved without an evidentiary hearing to resolve the inconsistencies in these declarations, no further action need be taken at this time. If it is later determined that any individual has made an intentionally false statement in papers filed with the Court, however, the Court is prepared to take any appropriate step, including the imposition of any appropriate sanction in this case, and/or referring the matter to the United States Attorney for criminal investigation. Counsel for both sides surely do not need to be advised of the importance of reviewing the declarations with the declarants, and determining whether it is necessary to

withdraw, modify or supplement any declaration that, upon further investigation and reflection, is found to contain materially false information.

Accordingly, for the reasons stated above, the motion to dismiss for improper venue is denied.

SO ORDERED.

Dated: New York, New York
July 23, 2007

_____
GERARD E. LYNCH
United States District Judge